ISSUED TO ATTORNEY

**United States District Court**
**Northern District of Ohio**
**at Toledo**

FILED
05 JUN -2 PM 12: 27
NORTHERN DISTRICT OF OHIO
TOLEDO

| | |
|---|---|
| **AMANDA KISTNER**<br>819 Overton St.<br>Newport, Ky. 41071<br>    Plaintiff, on behalf of herself<br>    and all similarly situated persons,<br><br>vs.<br><br>**Law Offices of Michael P. Margelefsky, LLC.**<br>709 Madison Ave., Suite 302<br>Toledo, Ohio 43624<br><br>and<br><br>**Michael P. Margelefsky**<br>709 Madison Ave., Suite 302<br>Toledo, Ohio 43624<br>    Defendants | Case No.<br><br>**3:05CV7238**<br><br>**JUDGE JAMES G. CARR** |

**Class Action Complaint Alleging Violation of the**
**Fair Debt Collection Practices Act and Seeking Statutory and**
**Actual Damages, Attorney Fees and Costs. Jury Demand Endorsed Hereon**

INTRODUCTION

This is a class action suit brought pursuant to Federal Civil Rule 23 for statutory damages, attorney fees and costs under the Fair Debt Collection Practices Act ("FDCPA"). The action challenges the debt-collection practice of mailing to consumers mass-produced dun letters purporting to come from an attorney which are neither signed, reviewed nor evaluated by an attorney prior to mailing and which are in fact mailed by a private contractor from another state where the attorney does not have an office.

1

## PARTIES

1.  Plaintiff is a resident of Campbell County, Kentucky, and is a consumer as defined at 15 U.S.C. § 1692a(3). Plaintiff may or may not have been obligated to pay a debt, but if she was that debt was incurred primarily for household, family and personal purposes.

2.  Defendant Law Offices of Michael P. Margelefsky, LLC, purports to be a law firm with an office in Toledo, Ohio, which collects or attempts to collect debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined at 15 U.S.C. § 1692a(6).

3.  Defendant Michael P. Margelefsky is a principal or owner of the defendant Law Office of Margelefsky, LLC. He collects or attempts to collect debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4.  On information and belief, Defendants have been hired by Cincinnati Bell or its assignee to collect an account purportedly owed by Plaintiff.

5.  On or about January 31, 2005, Defendants mailed a letter to Plaintiff referring to a debt purportedly owed to Cincinnati Bell (Exhibit A). The letter purportedly came from an account representative at the "The Law Offices of Michael P. Margelefsky, LLC," in Toledo, Ohio. It was unsigned.

6.  The postmark on the envelope in which the letter was enclosed indicated that it was mailed from Southgate, Michigan.

2

7. On information and belief, Defendants have sent countless identical unsigned letters to consumers throughout the nation.

8. On information and belief, neither Defendants nor any other attorneys have reviewed or evaluated the underlying claims asserted to exist in these letters.

## CLASS CLAIMS

9. The above conduct was unfair, deceptive and/or unconscionable and violated the FDCPA in the following manner:

> (a) it constituted the false representation or implication that a communication came from an attorney or that a debt had been reviewed or evaluated by an attorney when, in fact, it had not, in violation of 15 U.S.C. § 1692e(3);
>
> (b) it constituted conduct which had the natural consequence of harassing, oppressing, or abusing plaintiffs in connection with the collection of a debt in violation of 15 U.S.C. § 1692d
>
> (c) it constituted the use of a false representation or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).
>
> (d) it constituted an unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

10. As a direct and proximate result of Defendants' conduct, Plaintiff and the class were damaged and are entitled to statutory damages.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff bring this action on behalf of herself and other members of a class of consumers numbering, on information and belief, in excess of 100.

12. The class consists of all consumers who received a document substantially similar to Exhibit A on or after a date which is one year prior to the filing of this action.

13. The class is so numerous that joinder of individual members is impracticable.

14. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class.

15. Plaintiff's claims are typical of the claims of the class, in that the claims of all members of the class depend on a showing of Defendants' acts and omissions giving rise to the rights of the class to the relief sought herein.

16. There is no known conflict between the named Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

17. Plaintiff will fairly and adequately represent and protect the interests of the class.

18. The attorneys for Plaintiff and the class members are experienced and capable in litigation in the field of Consumer Rights and Protection and have successfully represented claimants in other similar litigation, including cases that have been concluded with trial and without trial.

19. This action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates risk of individual adjudications which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

20. This action is properly maintained as a class action inasmuch as Defendants have acted or refused to act on grounds applicable to the class, and have, by reason of such conduct, made final injunctive relief or corresponding other relief appropriate with respect to the entire class, as sought in this action.

21. The identity of each individual member of the class can be ascertained from Defendants' books and records.

22. Because many members of the class may not be aware of their rights, or are not in a financial position to assert such rights readily, and because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(A)  a ruling from this Court that this claim is appropriate for class action treatment, and the certification of a class pursuant to Rule 23(b)(3), Fed. R. Civ. P.;

(B)  a judgment against Defendants for all statutory damages to which Plaintiff and all members of the class are entitled;

(C)  reimbursement of or payment for reasonable costs and attorney fees incurred by counsel for Plaintiff in connection with the successful prosecution of this claim;

(D)     a trial by jury on appropriate issues; and,

(E)     any and all other relief this Court may deem appropriate.

Respectfully submitted by:

/s/ Stephen R. Felson
Stephen R. Felson (0038432)
Trial Attorney for Class Plaintiff
Suite 1401
617 Vine St.
Cincinnati, Ohio 45202
(513) 721-4900
(513) 639-7011 facsimile

and

/s/ Steven C. Shane
Steven C. Shane (0041124)
Trial Attorney for Class Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800 voice
(859) 431-3100 facsimile

709 MADISON AVENUE, SUITE 302  
TOLEDO, OHIO 43624-1624

*Law offices of*  
**Michael P. Margelefsky, LLC**  
Telephone 419-248-4901  
**Tollfree 800-437-4910**

JAN 31 2005

0005927    0005927 /0018

4364302-M-701  
A Kistner  
819 Overton St Apt 1  
Newport, KY 41071-4661

RE: CINCINNATI BELL ** CINCIN   188.71

    This letter is to advise you that your account has been referred to this office.

    This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

    Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

ACCOUNT REPRESENTATIVE  
The law offices of  
MICHAEL P. MARGELEFSKY, LLC

0701CB

--- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- ---

*** Detach and return with payment. ***

MAKE CHECK OR MONEY ORDER PAYABLE TO  
"MICHAEL P. MARGELEFSKY"

There is a $25 charge for any returned checks. Returned checks may be resubmitted electronically (ACH).

I am enclosing my payment of $_____.

Account#: 4364302  
A Kistner  
819 Overton St Apt 1  
Newport, KY 41071-4661

THE LAW OFFICES OF  
MICHAEL P. MARGELEFSKY, LLC  
709 MADISON AVENUE, SUITE 302  
TOLEDO, OHIO 43624-1624





