UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION AT TOLEDO

| | |
|---|---|
| Amanda Kistner<br>819 Overton St.<br>Newport, Kentucky 41071,<br><br>Individually and on behalf of<br>all others similarly situated,<br><br>      Plaintiffs,<br> vs.<br><br>Law Offices of Michael P. Margelefsky, LLC.<br>709 Madison Ave., Suite 302<br>Toledo, Ohio 43624,<br><br>   and<br><br>Michael P. Margelefsky, LLC.<br>709 Madison Ave., Suite 302<br>Toledo, Ohio 43624,<br><br>      Defendants. | CASE NO. 3:05CV7238<br><br><br><br><br><br><br>JUDGE JAMES G. CARR |

_____

Amended Class Action Complaint Alleging Violations of the Fair Debt Collection Practices Act and Ohio Consumer Sales Practices Act; Seeking Declaratory and Injunctive Relief, Statutory and Actual Damages, Attorney Fees and Costs
_____

## I. INTRODUCTION

1.      This class action is brought pursuant to F.Civ.R. 23(b)(2) and/or (b)(3) for declaratory and injunctive relief, statutory and actual damages, and attorney fees and costs under the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Ohio Consumer Sales Practices Act O.R.C. § 1345.01 *et. seq.* ("CSPA").

2. The action challenging an attorney=s debt collection routine practice of mailing to consumers mass-produced form dunning letters which are neither signed, reviewed nor evaluated by the defendant attorney prior to mailing; and which are mailed from a separate location, which is not the office of that attorney, by a private mailing operation or entity.

## II. JURISDICTION

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. §§ 1692k, and pursuant to supplemental jurisdiction, 28 U.S.C. § 1367.

## III. PARTIES

4. Plaintiff, Amanda Kistner ("plaintiff" or "class plaintiff"), is a person residing in Newport, Kentucky, and is a consumer as defined in 15 U.S.C. § 1692a(3) and O.R.C. § 1345.01(D).

5. Defendant, Law Offices of Michael P. Margelefsky, LLC ("Law Offices"), is a law firm residing in Cuyahoga County, Ohio; a debt collector as defined in 15 U.S.C. § 1692a(4); and is a supplier as defined in O.R.C. § 1345.01(C).

6. Defendant, Michael P. Margelefsky ("Margelefsky"), is an attorney and principal and/or owner of the Law Offices, with an office purportedly in Toledo, Ohio; a debt collector as defined in 15 U.S.C. § 1692a(4); and is a supplier as defined in O.R.C. § 1345.01(C).

7. Law Offices and Margelefsky collectively are "defendants."

## IV. FACTUAL ALLEGATIONS

8. Plaintiff is alleged to have incurred charges through Cincinnati Bell which account was, at some point in time, referred to defendants for collection (the Aaccount@ or Adebt@).

9. On or about January 25, 2005 defendants mailed a form letter to class plaintiff supposedly on behalf of Cincinnati Bell attempting to collect a debt that was for personal,

family or household purposes.  *See* Exhibit A attached hereto and incorporated herein.

10. The letter demanding that plaintiff pay the debt purportedly came from an Aaccount representative@ at the "The Law Offices of Michael P. Margelefsky" but was unsigned.

11. The letter indicated that it was mailed from defendants' Law Offices in Toledo, Ohio but the postmark on the envelope in which the letter was enclosed indicated that it came from a location in Southgate, Michigan; a location at which defendants did not maintain an office.

12. Defendants' routine practice is to send similar unsigned form letters to consumers throughout the nation.

13. Defendants neither review nor evaluate the underlying claims asserted to exist in each of the form letters before they mass mail them to consumers.

14. While the form letters in question purport that they came from a lawyer or a law office, for all practical purposes, they did not.

15. Defendants' purpose in engaging in the above described activity is to intimidate consumers who receive the form letter into believing that their account has been reviewed or evaluated by an attorney who has concluded that they are obligated to pay when, in fact, that has not occurred.

## V. CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and other members of a class of consumers, numbering in excess of 100, but believed to be less than 250,000 persons.

17. The class under claim one is described as follows:

> all consumers, commencing one year prior to the filing of this lawsuit on June 5, 2005 through the present date, who have received a letter similar or identical to Exhibit AA@ from the defendants.

18. The class under claim two is described as follows:

> all consumers, commencing two years prior to the filing of this lawsuit on June 5, 2005 through the present date, who have received a letter similar or identical to Exhibit AA@ from the defendants.

19. The putative class, of which plaintiff is a member, consists of those persons defined above, and is so numerous that joinder of individual members is impracticable.

20. The identity of each individual member of the class can be ascertained from the books and records maintained by defendants; and plaintiff will fairly ensure the adequate representation of all members of the class and protect their interest.

21. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class.

22. The claims of the named plaintiff, who is a representative of the class, is typical of the claims of the class, in that the claims of all members of the class depend on a showing of the acts and omission of defendants giving rise to the rights of the class to the relief sought herein.

23. There is no known conflict between plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

24. Plaintiff is a representative party for the class and is able to, and will, fairly and adequately protect the interests of the class.

25. The attorneys for the class members are experienced and capable in litigation in the field of consumer rights and protection and have successfully represented claimants in other similar litigation, including cases that have been concluded with trial and without trial.

26. Defendants have acted or refused to act on grounds applicable to the class, and have,

by reason of such conduct, made appropriate final injunctive relief or corresponding other relief appropriate with respect to the entire class, as sought in this action.

27. Unless defendants are enjoined and restrained from continuing the foregoing illegal practices, plaintiffs and the putative class will suffer substantial and irreparable injury for which they have no adequate remedy at law.

28. Prosecution of separate actions by individual class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

29. Prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for defendants who are expected to oppose the class.

30. Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

31. Many of the persons with whom defendants have dealt, or who were affected by their activities, may not be aware of their rights, or are not in a financial position to assert such rights readily. Because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class

5

action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## VI. CLAIM ONE: FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff realleges and incorporates by references all of the allegations contained in the above paragraphs.

33. Defendants violated plaintiff's and the classes' rights under the FDCPA in several ways, including, but not limited to:

   a. Falsely representing or implying that a communication came from an attorney or that a debt had been reviewed or evaluated by an attorney when it, in fact, it had not in violation of 15 U.S.C. ' 1692e(3);

   b. Falsely representing the character, amount or legal status of a debt or the compensation, which may be recovered in connection with the collection of a debt in violation of 15 U.S.C. ' 1692e(2);

   c. Engaging in conduct which had the natural consequence of harassing, oppressing, or abusing plaintiffs in connection with the collection of a debt in violation of 15 U.S.C. ' 1692d and/or

   d. Using a false representation or deceptive means to collect a debt in violation of 15 U.S.C. ' 1692e(10).

34. As a result of defendants' actions and inactions, plaintiff and the class are entitled to relief as provided for by 15 U.S.C. § 1692k.

## VII. CLAIM TWO: OHIO CONSUMER SALES PRACTICES ACT

35. Plaintiff realleges and incorporates by references all of the allegations contained in the above paragraphs.

36. Defendants knowingly committed unfair, deceptive and/or unconscionable acts and/or practices in violation of O.R.C. §§ 1345.02 and/or 1345.03, including but not limited to the

following:

    a.    Misrepresenting that the subject of a consumer transaction had sponsorship, approval, performance, characteristics, accessories, uses, or benefits that it did not have in violation of O.R.C. §1345.02(B)(1);

    b.    Misrepresenting that it had sponsorship, approval or affiliation that it did not have in violation of O.R.C. §1345.02(B)(9);

    c.    Falsely misrepresenting the rights, obligations and remedies that the plaintiff, and the class of persons she seeks to represent, as consumers, had under law in violation of O.R.C. §1345.02(B)(10); and,

    d.    Making misstatements of opinion in connection with the collection of a debt arising from a consumer transaction which was designed to exaggerate the remedies or power of defendants to collect a debt or the consequences to the plaintiffs of non-payment of the debt which plaintiffs were likely to rely to their detriment in violation of O.R.C. §1345.03(B)(6).

37.    As a result of defendants' actions and inactions, plaintiff and /or the class are entitled to relief as provided for by O.R.C. § 1345.09.

## VIII. PRAYER FOR RELIEF

WHEREFORE, class plaintiff prays that this Court enter judgment against defendants, jointly and severally, as follows:

    a.    Enter an order that the class claims shall be maintained as a class action pursuant to F.Civ.R. 23(b)(2) and/or 23(b)(3);

    b.    Enter declaratory and/or injunctive relief on behalf of plaintiff and /or the class prohibiting defendants from engaging in the above violations of law;

c. Enter a judgment on behalf of plaintiff and the class against defendants, jointly and severally, for all statutory damages to which she and the class are entitled but not less than $500,000.00;

d. Award plaintiff a reasonable attorney fees and costs; and

e. For any and all other relief this Court may deem appropriate.

Respectfully submitted,

/s/Steven C. Shane
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.; P.O. Box 73067
Bellevue, KY 41073
E-mail: shanelaw@fuse.net
(859) 431-7800; Fax: (859) 431-3100

/s/Edward A. Icove
Edward A. Icove (0019646)
Trial Attorney for Plaintiff
1801 East Ninth Street, Suite 900
Cleveland, Ohio 44113
E-mail: Edward@smith-condeni.com
(216) 771-1760; Fax: 216 771-3387

/s/Stephen R. Felson
Stephen R. Felson (0038432)
Trial Attorney for Plaintiff
Suite 1401, 617 Vine St.
Cincinnati, Ohio 45202
E-mail: stevef@8953aol.com
(513) 721-4900; Fax: (513) 639-7011

## JURY DEMAND

Plaintiff demands a trial by jury to decide all issues of fact in this case.

/s/ Edward A. Icove
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically on September 30, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Edward A. Icove
Attorney for Plaintiff
