IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amanda Kistner,                         Case No. 3:05 CV 7238

          Plaintiff,           MEMORANDUM OPINION
                                       AND ORDER
-vs-
                                    JUDGE JACK ZOUHARY
Law Offices of Michael P. Margelefsky,
   LLC, et al.,

          Defendants.

This matter is before the Court on Plaintiff Amanda Kistner's Motion for Summary Judgment (Doc. No. 14), to which Defendants Law Offices of Michael P. Margelefsky, LLC, and Michael P. Margelefsky filed a Memorandum in Opposition (Doc. No. 21), and Defendants' Motion for Summary Judgment (Doc. No. 16), to which Plaintiff filed a Memorandum in Opposition (Doc. No. 20) and Defendants filed a Reply (Doc. No. 23). The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

**BACKGROUND**

Defendant Law Offices of Michael P. Margelefsky, LLC (the LLC), is both a law practice and a state-licensed debt-collection agency. The LLC maintains a separate address for the debt collection business (Suite 302) and the law practice (Suite 301), although both businesses are located in the same office (Margelefsky Dep. pp. 21-22). Further, the LLC maintains separate telephone numbers and bank accounts for each business. *Id.* at pp. 69-72, 87-89.

Defendant Michael P. Margelefsky is an attorney and the sole member of the LLC. He engages primarily in the practice of workers' compensation law, and oversees the debt collection business to ensure its compliance with applicable laws. The LLC has six employees: one attorney (who works in the law practice), one secretary, one part-time clerical worker, and three account representatives (who handle the collection of consumer debts). *Id.* at pp. 11-13.

On January 31, 2005, the LLC sent Plaintiff Amanda Kistner a debt collection notice (Doc. No. 16, Ex. 3). This notice was printed on "Law Offices of Michael P. Margelefsky, LLC" letterhead and contained the address and telephone numbers of the debt collection business. *Id.* The notice contains three short paragraphs:

> This letter is to advise you that your account has been referred to this office.
>
> This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* The notice is signed "ACCOUNT REPRESENTATIVE," and has a detachable stub to enclose with a payment. Should the debtor choose to remit payment, the notice instructs the recipient to make checks payable to "Michael P. Margelefsky."

It is the routine practice of the LLC to send similar form-letter notices for every consumer debt referred to the LLC (Margelefsky Dep. pp. 40-41). These notices are not formal demands for payment; rather, they merely notify the recipient that their debt has been transferred to a new

2

collection agency and give the option of paying the debt or disputing its validity. The LLC employs a mailing service to mail these notices, and Kistner's notice was mailed from Southgate, Michigan. *Id*. at 18. Margelefsky does not review the notices or underlying claims before the notices are sent out, and did not review the Kistner notice. *Id*. at 20, 40, 84.

On June 2, 2005, Plaintiff filed the instant action as a class action on behalf of herself and others similarly situated. Plaintiff claims the notice letter she received, as well as similar notice letters sent to thousands of other consumers, violate the Fair Debt Collection Practices Act (FDCPA) and the Ohio Consumer Sales Practices Act (OCSPA). Specifically, Plaintiff claims the notice deceives consumers into "believing that their account has been reviewed or evaluated by an attorney who has concluded that they are obligated to pay when, in fact, that has not occurred" (Pl.'s Mot., Doc. No. 14, p. 4).

At the August 29, 2005 Case Management Conference, the Court bifurcated the issues of liability and class certification, requiring that the parties first conduct discovery and brief the issue of liability. This issue is now before the Court on cross-motions for summary judgment. For the reasons stated below, Defendants' Motion is granted and Plaintiff's Motion is denied.

## STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case

contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## PLAINTIFF'S FDCPA CLAIMS

Plaintiff alleges that Defendants violated several provisions of the FDCPA. The FDCPA was enacted to eliminate abusive debt collection practices and provide adequate and effective procedures for seeking redress. 15 U.S.C. § 1692. Plaintiff contends that Defendants violated six provisions of the FDCPA: (1) falsely representing or implying a communication came from, or a debt was reviewed by, an attorney (in violation of 15 U.S.C. § 1692e(3)); (2) threatening to take action that cannot legally be taken (in violation of 15 U.S.C. § 1692e(5)); (3) using a false representation or deceptive means to collect a debt (in violation of 15 U.S.C. § 1692e(10)); (4) falsely representing the character, amount, or legal status of a debt (in violation of 15 U.S.C. § 1692e(2)); (5) engaging in conduct which had the natural consequence of harassing, oppressing, or abusing in connection with the collection of a debt (in violation of 15 U.S.C. § 1692d); and (6) using "unfair means" to collect a debt (in violation of 15 U.S.C. § 1692f). Each of these claims is without merit, and will be addressed in the order raised.

### **15 U.S.C. § 1692e(3)**

Plaintiff first contends Defendants violated 15 U.S.C. § 1692e(3). This section prohibits debt collectors from falsely representing or implying that a communication is from an attorney when in fact it is not. 15 U.S.C. § 1692e(3). When determining whether a debt collection practice is deceptive, "courts apply an objective test based on the understanding of the 'least sophisticated consumer.'" *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 400 (6th Cir. 1998) (citing *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)).

4

Plaintiff contends that the least sophisticated consumer would believe the notice letter at issue came from an attorney because: (1) the name of the collection agency is "Law Offices of Michael P. Margelefsky, LLC;" (2) the notice directs the consumer to make checks payable to "Michael P. Margelefsky"; (3) the notice is on "Law Offices of Michael P. Margelefsky, LLC" letterhead; (4) Margelefsky drafted the notice; and (5) the law practice and collection business operated out of the same office suite. The Court does not agree, because: (1) lawyers can act as debt collectors, and the notice clearly states that it is from a debt collector; (2) payment to the individual does not suggest the letter came from an attorney when it is signed by "ACCOUNT REPRESENTATIVE;" (3) law firm letterhead alone is not determinative; (4) the consumer is unaware of the author of the notice; and (5) shared office space is unknown to the consumer and cannot be misleading.

The innocense of the least sophisticated consumer is not unlimited. Even the least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). A cursory review of the notice letter here reveals it is from a debt collector, not an attorney (Doc. No. 16, Ex. 3): "This communication is from a debt collector. This is an attempt to collect a debt." Further, the letter was signed by "ACCOUNT REPRESENTATIVE," not Margelefsky. Even though payment is to be directed to "Michael P. Margelefsky," the notice cannot be construed to have come from Margelefsky in his capacity as an attorney.

The crux of Plaintiff's case is that the notice is deceptive because it is printed on the LLC's letterhead. Courts have held that the least sophisticated consumer would not be deceived by a collection notice merely because it was on law firm letterhead. In *Rumpler v. Phillips & Cohen Associates, Ltd.*, 219 F. Supp.2d 251 (E.D.N.Y. 2002), the court was faced with a collection notice

5

on "Phillips & Cohen Associates, Ltd." law firm letterhead and signed by "Adam S. Cohen, Esq., Executive Vice President." Even though the notice was on law firm letterhead **and** was signed by an attorney, the court held the least sophisticated consumer would not be deceived by this notice. *Id.* at 257. The court found that the use of the title "Executive Vice President," coupled with the fact that the notice did not say "Attorney-at-Law" or "General Counsel," made the notice non-deceiving. *Id.*

Plaintiff has not cited a single case which held that law firm letterhead alone was sufficient to make a collection notice deceiving. Instead, Plaintiff misrepresents the holding in *Rumpler*, quoting out-of-context a portion of that decision which distinguishes *Clomon,* in an attempt to make it apply to the instant action. Courts have held that notices printed on law firm letterhead can be deceiving, but in those cases the notices were also signed by an attorney. *See Clomon*, 988 F.2d at 1317, 1320 (collection letter was deceiving when sent on "P.D. Jackson, G.C., Offices of General Counsel" letterhead and signed "P.D. JACKSON, ATTORNEY AT LAW, GENERAL COUNSEL").

In *Rumpler*, the court held that "any effect in the reader's mind caused by including 'Esq.' after Cohen's name is blunted by the inclusion of the phrase "Executive Vice President" immediately below." *Rumpler*, 219 F. Supp. at 257. In the instant action, any effect in the reader's mind caused by the letterhead "Law Offices of Michael P. Margelefsky, LLC," or any of the other arguments put forth by Plaintiff, is similarly "blunted" by the specific language used in the notice and the fact that it was signed "ACCOUNT REPRESENTATIVE." Accordingly, Defendants are entitled to summary judgment on Plaintiff's 15 U.S.C. § 1692e(3) claim.

6

**15 U.S.C. § 1692e(5)**

Plaintiff next claims that Defendants violated 15 U.S.C. § 1692e(5). This section prohibits debt collectors from "[threatening] to take any action that cannot legally be taken or that is not intended to be taken." *Id*. Plaintiff contends that Defendants violated this section by threatening to file a legal action in a state in which he is not licensed to practice.

Plaintiff's argument fails for two reasons. First, even the least sophisticated consumer could not construe the notice letter to contain a threat of legal action. It is merely a notice that Plaintiff's debt has been transferred to a new collector. Secondly, although Plaintiff is a citizen of Kentucky, the LLC could easily hire local counsel to sue Plaintiff in any locality. Accordingly, Defendants are entitled to summary judgment on Plaintiff's 15 U.S.C. § 1692e(5) claim.

**15 U.S.C. § 1692e(10)**

Plaintiff claims Defendants violated 15 U.S.C. § 1692e(10). Under this section, debt collectors are prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id*. Plaintiff contends the notice letter violates this section because: (1) it "advises consumers that their account has been referred to [the LLC], when, according to Margelefsky, it was sent by a collection agency;" and (2) it directs the consumer to make checks payable to "Michael P. Margelefsky" (Pl.'s Mot., Doc. No. 14, p. 10).

As noted above, the least-sophisticated consumer would not be deceived by the notice letter. It is quite clear from the face of the notice that the LLC is a debt collector, and although payment is to be directed to Margelefsky, the notice cannot be construed to come from Margelefsky in his capacity as an attorney. Accordingly, Defendants are entitled to summary judgment on Plaintiff's 15 U.S.C. § 1692e(10) claim.

7

**15 U.S.C. §§ 1692e(2) and 1692d**

Plaintiff claims Defendants also violated 15 U.S.C. §§ 1692e(2) and 1692d. 15 U.S.C. § 1692e(2) prohibits debt collectors from falsely representing "the character, amount, or legal status of any debt," or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

Plaintiff abandoned both of these arguments at the summary judgment stage and has put forth no evidence of conduct which could be construed as violating either of these sections. Accordingly, Defendants are entitled to summary judgment on Plaintiff's 15 U.S.C. §§ 1692e(2) and 1692d claims.

**15 U.S.C. § 1692f**

Finally, Plaintiff claims that Defendants violated 15 U.S.C. § 1692e(10). This section prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Further, this section sets forth specific conduct which constitutes a violation of the statute.

Plaintiff cites *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233 (1972) for the following proposition: "What is 'unfair' under the FDCPA is established by showing that it is within 'at least the penumbra' of some common law, statutory 'or other established concept' of unfairness" (Pl.'s Mot., Doc. No. 14, p. 10) (quoting *Sperry*, 405 U.S. at 244 n.5). But *Sperry* did not once mention the FDCPA; rather, the *Sperry* court considered whether a trading-stamp company engaged in unfair competition as defined by § 5 of the Federal Trade Commission Act. In fact, the language provided by Plaintiff was taken from a footnote in *Sperry* which quotes an FTC policy statement: STATEMENT OF BASIS AND PURPOSE OF TRADE REGULATION RULE 408, UNFAIR OR DECEPTIVE ADVERTISING AND

8

LABELING OF CIGARETTES IN RELATION TO THE HEALTH HAZARDS OF SMOKING. 29 Fed. Reg. 8355 (1964). A statement by the FTC regarding the interpretation of the Federal Trade Commission Act is not persuasive when interpreting the FDCPA. Nonetheless, Plaintiff proceeds to stretch this already-thin premise further by arguing the Court should adopt as "concepts of unfairness" the Ohio Code of Professional Responsibility because Margelefsky is an attorney. Plaintiff then proffers a slew of Ohio Disciplinary Rules which she contends Margelefsky violated.

It is not this Court's place to determine whether Margelefsky violated Ohio's ethics rules. More importantly, the analysis proffered by Plaintiff has no basis in either reason or law. Accordingly, the Court will not examine Defendants' conduct under the lens of the Ohio Code of Professional Responsibility.

"[15 U.S.C.] § 1692f serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d and 1692e. That is, '§ 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically.'" *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)). Defendants have not engaged in any improper conduct here, because the collection notice sent to Plaintiff was perfectly proper. Accordingly, Defendants are entitled to summary judgment on the 15 U.S.C. § 1692f claims as well.

### PLAINTIFF'S OCSPA CLAIMS

As the Court has granted summary judgment on each of Plaintiff's federal FDCPA claims, all that remains are the pendent OCSPA claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367, explicitly allows district courts to dismiss pendent state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). At least one Sixth Circuit

case has dismissed pendant OCSPA claims after granting summary judgment on the Plaintiff's FDCPA claims. *See Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992). The Sixth Circuit, however, instructs the Court to "consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). This case has been pending for over a year and a half, and discovery has been fully completed as to liability. Accordingly, the interests of judicial economy weigh heavily in favor of jurisdiction and the Court will exercise jurisdiction over Plaintiff's OCSPA claims.

The Amended Complaint alleges that Defendants committed four violations of the OCSPA because the notice letter: (1) misrepresents it had sponsorship, approval, performance, characteristics, accessories, uses, or benefits that it did not have (in violation of OHIO REV. CODE § 1345.02(B)(1)); (2) misrepresents the LLC had sponsorship, approval, or affiliation that it did not have (in violation of OHIO REV. CODE § 1345.02(B)(9)); (3) falsely misrepresents the rights, obligations, and remedies Plaintiff had under law (in violation of OHIO REV. CODE § 1345.02(B)(10)); and (4) makes misstatements of opinion in connection with the collection of a debt, designed to exaggerate Defendants' power to collect the debt or the consequences to Plaintiff for non-payment (in violation of OHIO REV. CODE § 1345.03(B)(6)).

Each of Plaintiff's OCSPA claims is explicitly premised on the fact that the collection notice made a misstatement of fact. However, the Court has already held the collection notice did not make any misrepresentations, nor was it deceptive in any way. As no misrepresentations were made, each of Plaintiff's OCSPA claims fail as a matter of law. *See, e.g., Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 403 (6th Cir. 1998) (OCSPA claims properly dismissed when FDCPA claims were

dismissed and plaintiff provided no independent evidence for the OCSPA claims). Accordingly, Defendants are entitled to summary judgment on these claims.

## **CONCLUSION**

For the reasons stated above, Defendants Law Offices of Michael P. Margelefsky, LLC 's and Michael P. Margelefsky's Motion for Summary Judgment (Doc. No. 16) is granted, and Plaintiff Amanda Kistner's Motion for Summary Judgment (Doc. No. 14) is denied. Further, as the Court has granted summary judgment to Defendants on each of Plaintiff's substantive claims for relief, this matter cannot proceed as a class action. Accordingly, Plaintiff's Amended Complaint (Doc. No. 8) is dismissed as to all counts.

IT IS SO ORDERED.

                                             s/ *Jack Zouhary*
                                             JACK ZOUHARY
                                             U. S. DISTRICT JUDGE

                                             January 10, 2007